**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LARRY G. NELSON,** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. _____** |
| ) | |
| **v.** ) | **Judge _____** |
| ) | |
| **UNKNOWN UNNAMED OFFICERS OF** ) | **Magistrate Judge _____** |
| **THE CHICAGO POLICE DEPARTMENT,** ) | |
| **and CITY OF CHICAGO,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, LARRY G. NELSON, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

## NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of battery.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6.      At all times herein mentioned, defendant UNKNOWN UNNAMED OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois.  Said defendants are being sued in their individual capacity.  Once the actual names of UNKNOWN OFFICERS is known, plaintiff will move the Court to amend this complaint.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8.      On August 30, 2008, at approximately noon, plaintiff, LARRY G. NELSON, an African-American, was lawfully at a friend's house at 1118 N. Springfield, Chicago, Illinois when two white Chicago police officers, one male and one female, pulled up in a marked police car.

9.      Said UNKNOWN OFFICERS told plaintiff that they wanted to talk to plaintiff and asked him to come to them.  Plaintiff asked the officers what they wanted to talk about, but the officers refused to answer.

10.      The male officer said, "Don't make me get out of my car."  The officer exited his vehicle and came onto private property to accost plaintiff.

11.      The male officer grabbed plaintiff and pulled him to the parkway.  He twisted plaintiff's arm, causing him great pain and injuring his shoulder.  The officer told plaintiff something to the effect that "the next time I tell you to come, you'd better come."

2

12.     Plaintiff was cuffed and UNKNOWN OFFICERS went through plaintiff's pockets, placing his personal items on the hood of the police vehicle.  UNKNOWN OFFICERS performed a query of plaintiff's name on a police computer.

13.     UNKNOWN OFFICERS had no probable cause to believe that plaintiff had committed a crime and did not charge him with the violation of any crime.  They eventually released plaintiff.

14.     By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.  Plaintiff sought medical treatment and incurred medical expenses.

15.     The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

16.     Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights.  By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

<u>COUNT I</u>
**Plaintiff Against Defendant UNKNOWN OFFICERS for Illegal Stop**

17.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

18.     The stop of plaintiff by defendant UNKNOWN OFFICERS was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

3

19.     By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiff Against Defendant UNKNOWN OFFICERS for False Arrest/Illegal Detention**

20      Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

21.     The arrest and detention of plaintiff were without probable cause and unreasonable.

22.     By reason of the conduct of the individual defendants, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiff Against Defendant UNKNOWN OFFICER for Excessive Force**

23.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

24.     The force used by the male UNKNOWN OFFICER was excessive, unnecessary, unreasonable, and without legal cause.

25.     By reason of the conduct of the individual defendant, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant UNKNOWN OFFICER is liable to plaintiff pursuant to 42 U.S.C. §1983.

4

## COUNT IV
### Plaintiff Against Defendant UNKNOWN OFFICER and CITY OF CHICAGO for State Supplemental Claim of Battery

26.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

27.     The physical contact by defendant UNKNOWN OFFICER was offensive and injurious, and against plaintiff's will.

28.     UNKNOWN OFFICER is liable to plaintiff under Illinois law for the state supplemental claim of battery.

29.     Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior.*


## COUNT V
### Plaintiff Against Defendant UNKNOWN OFFICERS for Illegal Search

30.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

31.     The search of plaintiff's person was without probable cause to believe that plaintiff was involved in any criminal activity and was unreasonable.

32.     By reason of the conduct of defendant UNKNOWN OFFICERS, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendant UNKNOWN OFFICERS, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, plaintiff, LARRY G. NELSON, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

A.     That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

B.     That defendants be required to pay plaintiff special damages,

C.      That defendants, except CITY OF CHICAGO, be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

D.      That defendants, except CITY OF CHICAGO, be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

E.      That defendants be required to pay plaintiff costs of the suit herein incurred, and

F.      That plaintiff be granted such other and further relief as this Court may deem just and proper.


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**


Dated: August 29, 2009                          /s/  Irene K. Dymkar
                                               Irene K. Dymkar


Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123