## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LARRY G. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 CV 5357 |
| | ) | |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| DANNY SALGADO, NISSA J. TORRES, and CITY OF CHICAGO, | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |
| | ) | |

_____

### DEFENDANTS, CITY OF CHICAGO, CHICAGO POLICE OFFICER DANNY SALGADO, AND CHICAGO POLICE OFFICER NISSA J. TORRES' ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

_____

Defendants, the City of Chicago ("City"), Chicago Police Officer Danny Salgado ("Salgado") and Chicago Police Officer Nissa J. Torres ("Torres"), by their attorneys, Grant Schumann, LLC, through Anthony L. Schumann, Esq., hereby respond to Plaintiff's First Amended Complaint:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. § 1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

> **Answer:** **Defendants admit that this action arises under the Civil Rights Act of 1871 (42 U.S.C. § 1982). Defendants deny the remaining allegations contained in this paragraph.**

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of battery.

> **Answer:** **Defendants admit the allegations contained in this paragraph.**

1

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

     **Answer:**      **Defendants admit the allegations contained in this paragraph.**

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

     **Answer:**      **Defendants admit the allegations contained in this paragraph.**

## PARTIES

5.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

     **Answer:**      **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

6.      At all times herein mentioned, defendants DANNY SALGADO (hereinafter SALGADO) and NISSA J. TORRES (hereinafter TORRES) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity.

     **Answer:**      **Defendants admit the allegations contained in this paragraph. Defendants deny any specific wrongdoing by Officer Salgado or Officer Torres.**

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

     **Answer:**      **Defendants admit the allegations contained in this paragraph.**

## BACKGROUND

8.      On August 30, 2008, at approximately noon, plaintiff, LARRY G. NELSON, an African-American, was lawfully at a friend's house at 1118 N. Springfield, Chicago, Illinois when two non-African American Chicago police officers, SALGADO and TORRES, pulled up in a marked police car.

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.     SALGADO and TORRES told plaintiff that they wanted to talk to plaintiff and asked him to come to them. Plaintiff asked the officers what they wanted to talk about, but the officers refused to answer.

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.     SALGADO said, "Don't make me get out of my car." The officer exited his vehicle and came onto private property to accost plaintiff.

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that Officer Salgado said, "Don't make me get out of my car." Defendants deny the allegation that the officer exited his vehicle and came onto private property to accost Plaintiff.

11.     SALGADO grabbed plaintiff and pulled him to the parkway. He twisted plaintiff's arm, causing him great pain and injuring his shoulder. SALGADO told plaintiff something to the effect that "the next time I tell you to come, you'd better come."

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.     Plaintiff was cuffed and defendants went through plaintiff's pockets, placing his personal items on the hood of the police vehicle. SALGADO and TORRES performed a query of plaintiff's name on a police computer.

**Answer:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was cuffed, and Defendants went through Plaintiff's pockets placing his personal items on the hood of the police vehicle. Defendants deny the allegation that Officer Salgado and Officer Torres performed a query of the Plaintiff's name on a police computer.

3

13.    SALGADO and TORRES had no probable cause to believe that plaintiff had committed a crime and did not charge him with the violation of any crime. They eventually released plaintiff.

**Answer:**        **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

14.    By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage. Plaintiff sought medical treatment and incurred medical expenses.

**Answer:**        **Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

15.    The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

**Answer:**        **Defendants deny the allegations contained in this paragraph.**

16.    Because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C.§1988, the Equal Access to Justice Act, or any other provision set by law.

**Answer:**        **Defendants deny the allegation that "because of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the action within."  No answer is required as to the allegation that Plaintiff requests payment by the individual Defendants of a reasonable sum of attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act or any other provision set by law.**

## COUNT I
### Plaintiff Against Defendants SALGADO and TORRES for Illegal Stop

17.    Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

4

**Answer:**     Defendants restate their answers to the preceding paragraphs 1-16 as though fully set forth herein their entirety.

18.     The stop of plaintiff by defendants SALGADO and TORRES was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

**Answer:**     Defendants deny the allegations contained in this paragraph.

19.     By reason of the conduct of defendants SALGADO and TORRES, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, Defendants SALGADO and TORRES, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**Answer:**     Defendants deny the allegations contained in this paragraph.

## COUNT II
**Plaintiff Against Defendants SALGADO and TORRES for False Arrest/Illegal Detention**

20.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

**Answer:**     Defendants restate their answers to paragraphs 1-16 as though fully set forth herein their entirety.

21.     The arrest and detention of plaintiff were without probable cause and unreasonable.

**Answer:**     Defendants deny the allegations contained in this paragraph.

22.     By reason of the conduct of the individual defendants, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants SALGADO and TORRES, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**Answer:**     Defendants deny the allegations contained in this paragraph.

## COUNT III
**Plaintiff Against Defendant SALGADO for Excessive Force**

23.     Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

**Answer:**     **Defendants restate their answers to paragraphs 1-16 as though fully**

**set forth herein their entirety.**

24.    The force used by defendant SALGADO was excessive, unnecessary, unreasonable, and without legal cause.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

25.    By reason of the conduct of SALGADO, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendant SALGADO is liable to plaintiff pursuant to 42 U.S.C. §1983.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

## COUNT IV
### Plaintiff Against Defendant SALGADO and CITY OF CHICAGO for State Supplemental Claim of Battery

26.    Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

**Answer:**     **Defendants restate their answers to paragraphs 1-16 as though fully**

**set forth herein their entirety.**

27.    The physical contact by defendant SALGADO was offensive and injurious, and against plaintiff's will.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

28.    SALGADO is liable to plaintiff under Illinois law for the state supplemental claim of battery.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

29.    Defendant CITY OF CHICAGO is liable to plaintiff pursuant to the doctrine of *respondeat superior*.

**Answer:**     **Defendants deny the allegations contained in this paragraph.**

## COUNT V
### Plaintiff Against Defendants SALGADO and TORRES for Illegal Search

30.    Plaintiff, LARRY G. NELSON, incorporates and realleges paragraphs 1 – 16, as though set forth herein in their entirety.

**Answer:** **Defendants restate their answers to paragraphs 1-16 as though fully set forth herein their entirety.**

31. The search of plaintiff's person was without probable cause to believe that plaintiff was involved in any criminal activity and was unreasonable.

**Answer:** **Defendants deny the allegations contained in this paragraph.**

32. By reason of the conduct of defendants SALGADO and TORRES, plaintiff, LARRY G. NELSON, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants SALGADO and TORRES, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**Answer:** **Defendants deny the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action against the Defendants to the extent that it fails to sufficiently plead any claim of liability or damages against Defendant City pursuant to *Twombly* and *Ashcroft*.

2. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's First Amended Complaint, and under the totality of the circumstances, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. The actions of the Defendant Officers in their individual capacities were supported by probable cause or at the very least the reasonable belief that they were supported by probable cause. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

7

Plaintiff had a duty to mitigate his claimed injuries or damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

    4.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, and verdict or judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  *See* <u>Poole v. City of Rolling Meadows</u>, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

    5.    The City is not liable to Plaintiff it its employees or agents are not liable to the Plaintiff.  745 ILCS 10/2-109.

    6.    The City is not liable for any injury caused by the act or omission of another person.

## <u>JURY DEMAND</u>

    Defendants hereby demand a trial by jury.

Dated: September 9, 2010

                                Respectfully Submitted,

                        By:    ***/s/: Anthony L. Schumann***
                              ANTHONY L. SCHUMANN

Anthony L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112