# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5357 | **DATE** | 8/15/2012 |
| **CASE TITLE** | Larry G. Nelson vs. Danny Salgado, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for a new trial, or, in the alternative, for remittitur of compensatory damages [111] is denied. Plaintiff's motion for accepting plaintiff's fee petition in excess of the page limit [125], is granted. Briefing as to motion for taxation of costs [118] and petition for attorney's fees [123] is set as follows: Response due by 8/30/2012. Ruling set for 9/20/2012 at 9:30 AM. Plaintiff's motion to reset status and motion hearing date [127] is moot. Parties need not appear on 8/17 or 8/20.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, defendants move for a new trial, or, in the alternative, for remittitur of compensatory damages. On August 29, 2009, plaintiff Larry G. Nelson filed a five-count complaint against "Unknown Unnamed Officers of the Chicago Police Department" and the City of Chicago alleging civil rights violations under 42 U.S.C. § 1983 based on events that allegedly took place on October 30, 2008. After taking discovery, plaintiff amended his complaint on August 24, 2010, to name defendants Danny Salgado and Nissa J. Torres ("defendant officers"). A jury trial was held in May 2012, and the jury returned a verdict in favor of plaintiff and awarded him $25,616.50 in compensatory damages for illegal search and seizure and $4,383.50 for excessive force. The jury also awarded plaintiff punitive damages totaling $5,000.

On a Rule 59 motion for a new trial, a court "must determine if 'the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party.'" *Frizzell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011) (quoting *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir. 1993)). Here, defendants argue that (a) my orders of September 24, 2010, and September 29, 2010, resulted in an unfair trial and (b) the compensatory damages awarded to plaintiff by the jury were excessive.

The primary issue raised by defendants' motion involves two orders denying defendants' request that I order plaintiff and his witnesses to view a photographic array of police officers and identify the officers involved in the alleged incident before plaintiff, or any witnesses, attended the defendant officers' depositions. On September 20, 2010, I granted plaintiff's motion to compel depositions of the defendant officers after hearing oral argument. On September 29, 2010, I denied defendants' motion for reconsideration on the motion to compel and also denied defendants' motion for a protective order. Defendants contend that it was error to deny their request that plaintiff and his witnesses be ordered to view an array including the defendant police officers and that such error resulted in an unfair trial.

Defendants fail to cite any rule or law establishing their right to such a procedure. The cases on

**STATEMENT**

which defendants rely do not establish such a right and are distinguishable. In *Hadnott v. City of Chicago*, the identity of the defendant officers was a central issue in the case. No. 07 C 6754, 2009 WL 466808 (N.D. Ill. Feb. 24, 2009). The question addressed by the court was whether the attorney-client privilege protected an attorney's conversations with her clients regarding the physical description of a defendant officer where the magistrate judge had ordered plaintiffs to view a photographic array that included the defendant officer's picture and to identify the officer involved in the alleged incident if they were going to attend his deposition. *Id.* at *1. The plaintiffs chose, instead, not to attend the deposition, and the plaintiffs' attorney was subsequently ordered not to discuss identifying information with her clients. *Id.* at *2.

First, the court in *Hadnott* did not discuss the legal basis for the magistrate judge's order requiring the plaintiffs to view a photographic array before attending the defendant officer's deposition. In fact, the court in *Hadnott* does not express any opinion on the magistrate's order. Second, *Hadnott* is distinguishable on the facts. The court in *Hadnott* found that the named officers had only "a plausible connection to the alleged incident" based solely on the fact that one officer had obtained police database information about one of the plaintiffs on the date of the alleged incident. *Id.* at *1. Here, by contrast, plaintiff had identified the defendant officers based on information he and two witnesses recalled from the alleged incident. Plaintiff and the witnesses recalled a beat number, that both officers were of Hispanic heritage, that one was male and one was female, and that the last name of the female officer was Torres. The connection between the defendant officers and the alleged incident is significantly more substantial here than it was in *Hadnott*. Given the information that plaintiff in this case brought forward in identifying the defendant officers, a protective order was not appropriate in this case.[1] Because defendants have not shown that the September 2010 orders were in error, they are not entitled to a new trial.

Alternatively, defendants move for remittitur, arguing that the jury award of $25,616.50 in compensatory damages for illegal search and seizure is "monstrously excessive" and that there was no rational connection between the award and the evidence. In determining whether an award is reasonable, I must consider whether "(1) the award is monstrously excessive; (2) there is no rational connection between the award and the evidence . . .; and (3) whether the award is roughly comparable to awards made in similar cases." *G.G. v. Grindle*, 665 F.3d 795, 798 (7th Cir. 2011) (citations omitted). Defendants' substantive argument for why remittitur is called for in this case takes up less than one page of their brief and is unconvincing. Defendants do not even attempt to substantiate their claim that the award was "monstrously excessive." Their argument on the second point is also not well-taken. Defendants argue that there was no rational connection between the compensatory damages award for illegal search and seizure because plaintiff testified that he was illegally detained for approximately 25 to 30 minutes. But defendants ignore other evidence which, as plaintiff points out, the jury may have rationally considered in reaching its award. The Seventh Circuit has noted that the "required 'rational connection' between the evidence and the award does not imply mathematical exactitude," particularly where, as here, the jury was instructed to consider damages for pain and suffering. *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009). By focusing solely on the amount of time plaintiff was detained, defendants fail to grapple with other evidence that supports the jury award. Similarly, though defendants cite to three allegedly comparable cases in which the prevailing plaintiff was awarded less for similar claims, defendants fail to discuss the particular facts of any of these cases or why they are similar to this case. Further, the Seventh Circuit has stated that while courts may compare awards in similar cases, "such comparisons are rarely dispositive given the fact-specific nature of damages claims." *Id.* Defendants ignore this fact-specific inquiry, and as such have not shown that the jury's award was unreasonable or irrational.

For the foregoing reasons, defendants motion for a new trial, or, in the alternative, for remittitur, is denied.

---

1. Defendant also cites to *Sullivan v. City of Chicago*, Dkt. No. 09 C 2893 (N.D. Ill.), but does not point to any order discussing a legal basis for ordering a plaintiff to view a photographic array prior to attending a deposition. Further, in *Sullivan*, the plaintiff was ordered to view the

photographs of four police officers before he had named any officers as defendants in the case. *See* Docket Entries 26, 30, and 34.